UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENE SANDERS, | ) | 1:08-cv-01357-AWI-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS (Doc. 12) AND PETITIONER'S |
| | ) | MOTION IN OPPOSITION (Doc. 13) |
| | ) | |
| J. F. SALAZAR, Warden, | ) | ORDER REQUIRING OBJECTIONS TO BE |
| | ) | FILED WITHIN FIFTEEN DAYS |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his 1987 conviction for first degree murder in violation of Cal. Penal Code § 187. (Doc. 1). Petitioner is serving a prison term of thirty-one years to life. (Id.). Petitioner filed the instant petition on September 11, 2008, challenging the July 31, 2006 decision of the Board of Parole Hearings ("BPH") finding Petitioner ineligible for parole. (Doc. 1).

On February 1, 2008, Respondent filed this motion to dismiss, contending that Petitioner's

claim was never exhausted in state court because it was procedurally defective and therefore the petition should be dismissed. (Doc. 12). On February 2, 2009, Petitioner filed his opposition to the motion to dismiss, which Petitioner styled as a "motion." (Doc. 13). On February 10, 2009, Respondent filed a reply to Petitioner's opposition. (Doc. 14).

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full

and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises a single ground for relief, i.e., BPH's decision to deny parole eligibility to Petitioner is not supported by "some evidence." (Doc. 1, p. 4). Indeed, Petitioner concludes his claim by re-asserting that, "[t]he only issue is the some evidence." (Id. at p. 5).

     Along with the motion to dismiss, Respondent has lodged documents with the Court that establish that Petitioner sought to exhaust his remedies for two separate claims, i.e., a claim that the BPH decision was not supported by some evidence and a claim that BPH had failed to conduct his hearing in a timely manner.  Petitioner's efforts to exhaust these two claims do not evidence a linear chronological progression: (1) on December 11, 2006 Petitioner filed a state habeas petition in the Superior Court for Los Angeles County claiming the BPH decision was not supported by some evidence, and the petition was denied on August 24, 2007  (Doc. 12, Ex 1); (2) On January 29, 2007, Petitioner filed a state petition in the California Supreme Court, Case Number S149833, contending that the BPH failed to give him a timely hearing, and this petition was denied on June 27, 2007 (Doc. 12, Ex. 2); (3) on October 1, 2007, Petitioner filed a petition in the California Court of Appeal, Second Appellate District ("2nd DCA") challenging both the timeliness of the BPH hearing and the "some evidence" standard, which was denied on January 17, 2008, with a citation to People v. Duvall, 9 Cal.4th 464, 474-475 (1995) (Doc. 12, Ex. 3);[1] and (4) on February 19, 2008, Petitioner filed a state petition in the California Supreme Court, Case Number S160974, raising both the issue of timeliness and "some evidence," which was denied on August 13, 2008, with citations to Duvall and In re Miller, 17 Cal.2d 734 (1941).  (Doc. 12, Ex. 3).

     Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.  A citation to Miller indicates that the sate court denied the petition for the same reasons that it denied a previous petition raising the same issues. Kim v. Villalobos, 799 F.2d 1317, 1319, fn. 1 (9th Cir. 1986); see Karis v. Vasquez, 828 F.Supp. 1449, 1457 (E.D.Cal. 1993)(court must "look through" Miller citation to previous petition to ascertain basis for denial).

     While conceding that Petitioner raised the instant claim in his action before the California Supreme Court in Case Number S160974,  Respondent contends that Petitioner's state court

---

[1] The 2nd DCA's denial also indicated that "some evidence" supported the BPH's decision. (Id.).

remedies have not been exhausted because Petitioner's state petition in Case Number S160974 was denied on procedural grounds as to the claim raised now in the instant petition, i.e., by the citation to Duvall. Doc. 12, p. 4).   Respondent reasons that because the denial by the California Supreme Court was on a procedural defect, not on the merits, Petitioner has not exhausted his state remedies and therefore the petition should be dismissed.  The Court agrees.

First, the Court must examine the two denials by the California Supreme Court.  The denial in Case Number S160974 contains citations to both Duvall and Miller.  Clearly, the citation to Miller can relate only to Petitioner's timeliness claim, since, as mentioned, a citation to Miller means that the state court is denying the claim on the same grounds as a prior denial, and the "some evidence" claim had never before been presented to the California Supreme Court .  Thus, since the Miller citation does not and cannot relate to the "some evidence" claim, the Duvall citation must relate to that claim, there being no other basis for denial of the "some evidence" claim noted by the state high court.

In Kim, 799 F.2d at 1319, the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949).  Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.  In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition.  Kim, 799 F.2d at 1319.

However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court.  Id. at 1320. "The mere recitation of In re Swain does not preclude such review."  Id.  Indeed, the Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it.  Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321).  "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable.  Kim, 799 F.2d at 1320.

Because Swain and Duvall stand for the same proposition, and applying the principles set forth in Kim, this Court must review Petitioner's habeas petition filed in the California Supreme

Court in Case Number S160974 to determine whether that claim was "fairly presented" under federal exhaustion standards.

According to the exhibits filed by Respondent, which include the decision of the Superior Court, it appears that Petitioner did file a transcript of his BPH hearing along with the habeas petition filed in the Los Angeles County Superior Court. (Doc. 12, Ex. 4). However, a review of the petition in Case Number S160974 and its attached exhibits establishes that Petitioner did not file such a transcript in the California Supreme Court. (Id., Ex. 4). Petitioner's failure to include a copy of the BPH hearing transcript along with his petition would be ample justification for the California Supreme Court to dismiss the petition under Duvall since it could not address the merits of the petition's allegations in the absence of such a transcript.

Moreover, the California Supreme Court's citation to Duvall did not foreclose Petitioner from re-filing his petition in the California Supreme Court along with additional information or documents that would have permitted that court to make a decision on the merits, thereby exhausting Petitioner's claims. Kim, 799 F.2d at 1319. Petitioner, however, failed to follow this course. Accordingly, the Court concludes that Petitioner did not exhaust his claim in the California Supreme Court, and thus the petition is unexhausted and must be dismissed. For the same reasons, Petitioner's opposition to the motion to dismiss, which Petitioner has styled as a "motion," should be denied.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 12), be GRANTED. and the petition be dismissed for lack of exhaustion; and,

2. Petitioner's motion in opposition to Respondent's motion to dismiss (Doc. 13), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party

1  may file written objections with the Court and serve a copy on all parties. Such a document should
2  be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
3  Objections shall be served and filed within ten (10) court days (plus three days if served by mail)
4  after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted
5  claim, the Finding and Recommendation will be submitted to the District Court for review of the
6  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure
7  to file objections within the specified time may waive the right to appeal the Order of the District
8  Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 3, 2009**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE